IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONISHA S. SAMUEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause Number. 4:07CV2101 HEA |
| | ) | |
| HVM, LLC d/b/a STUDIO PLUS., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss or in the Alternative Motion for Summary Judgment with Respect to Plaintiff's Claims of Violation of the Equal Pay Act, Retaliation and National Origin Discrimination, [Doc. No. 9]. Plaintiff has not filed an opposition to the motion.[1] For the reasons set forth below, the Motion is granted.

**Introduction**

Plaintiff filed this *pro se* action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. and the Equal Pay Act, 29 U.S.C. §

---

[1] Pursuant to the Court's Local Rules, Plaintiff's failure to file a written opposition may be construed as a concession of the merits of Defendant's Motion. See Local Rule 7-4.01(B). ("Except with respect to a motion for summary judgment under Fed.R.Civ.P.56, each party opposing a motion shall file, within five (5) days after being served with the motion, a memorandum containing any relevant argument and citations to authorities on which the party relies.")

206(d) alleging that Defendant failed to promote her, failed to train her for managerial positions and failed to give her pay increases based on her race, color and national origin. Plaintiff has also checked that Defendant's actions were retaliatory on her form Complaint. Defendant now moves to dismiss certain portions of Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6).

## Facts and Background

In her Complaint, Plaintiff alleges that she was denied promotional opportunities for managerial positions, unlike white employees. She further contends that she was being denied the opportunity to be informed on how to qualify and how to apply for these positions. Plaintiff contends she was repeatedly denied the opportunity to be trained for the positions whereas the white employees were given the training. Plaintiff also alleges that she was denied a pay increase after her probationary period. She contends that she performed a majority of, if not all the managerial duties but was denied management title and pay based on her race, color, and national origin. Plaintiff filed a charge with the EEOC and received a Right to Sue Letter which is date as having been mailed on October 15, 2007.

Defendant moves to Dismiss (or alternatively for summary judgment) certain claims set forth in Plaintiff's Complaint, specifically, her claim under the Equal Pay

Act and her claims for retaliation and discrimination based on her national origin.

## Motion to Dismiss Standard

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly,* __ U.S.__, __, 127 S.Ct. 1955, 1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" the Court held that a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic,* 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explained that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations. *Id.* at 1966. This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court

accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint, may also consider the attachments thereto. Any written instrument attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006). ("[W]ritten instruments attached to the complaint become part of it for all purposes. *See Fed.R.Civ.P. 10(c).* 'For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may

consider material attached to the complaint.' *Abels,* 259 F.3d at 921.")

## Discussion

**Equal Pay Act**

Defendant moves to dismiss Plaintiff's Equal Pay claim because Plaintiff has failed to allege that Defendant discriminated against her on the basis of her sex by paying different wages to employees of the opposite sex.

The Equal Pay Act prohibits discrimination "between employees on the basis of sex by paying wages to employees at a rate less than the rate at which the employer pays wages to employees of the opposite sex for equal work on jobs, the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. 29 U.S.C. § 206(d)(1).[2] "'Application

---

[2] Section 206(d)(1) provides in its entirety:

(d) Prohibition of sex discrimination

**(1)** No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (I) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided*, That an

of the Equal Pay Act depends not on job titles or classifications but on the actual requirements and performance of the job.' *Simpson v. Merchs. & Planters Bank,* 441 F.3d 572, 578 (8th Cir.2006) (quoting *EEOC v. Universal Underwriters Ins. Co.,* 653 F.2d 1243, 1245 (8th Cir.1981))." *Holland v. Sam's Club*, 487 F.3d 641, 645 (8th Cir. 2007).

A review of the entire record before the Court establishes that there are no allegations of discrimination based on Plaintiff's sex anywhere. Thus, the Complaint fails in the essential requirement of setting forth sufficient allegations to establish that the claim is at least plausible on its face. Nowhere does Plaintiff ever allege that she was discriminated against because she a female; all allegations contained within the Complaint and the supporting documentation are based on Plaintiff's race and national origin.

**Retaliation**

---

employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

To establish a claim for retaliatory discrimination, Plaintiff must show she engaged in a protected activity, Defendant took adverse action against her, and there is a connection between the two. *See Scott,* 180 F.3d at 917 (citing *Montandon v. Farmland Indus., Inc.,* 116 F.3d 355, 359 (8th Cir.1997)). If Plaintiff makes a *prima facie* showing of retaliation, the burden shifts to Defendant to articulate a legitimate, non-retaliatory reason for the adverse action. *Id.* (citing *Ryther v. KARE 11,* 108 F.3d 832, 836 (8th Cir.1997) (en banc)). If Defendant advances a legitimate reason for the action, Plaintiff bears the burden of demonstrating Defendant's stated reason is a pretext for retaliation. *Soto v. Core-Mark Intern., Inc*. 2008 WL 850237, 3 (8th Cir. April 1, 2008); *Burdine,* 450 U.S. at 253; *see also Cronquist v. City of Minneapolis,* 237 F.3d 920, 926 (8th Cir.2001); *Womack v. Munson,* 619 F.2d 1292, 1296 (8th Cir.1980).

Once again, Plaintiff fails to set forth a cause of action for retaliation. There are no allegations Plaintiff engaged in any protected activity and therefore no attendant facts showing any relationship between protected activity and any adverse employment action.

**National Origin**

Defendant moves to dismiss Plantiff's claim of discrimination based on her national origin since she failed to raise this in her EEOC charge. Defendant argues

that Plaintiff has failed to exhaust her administrative remedies in this regard.

To assert a claim of employment discrimination under Title VII, Plaintiff is required to file administrative charges within certain time limits. Specific to the matter currently before the Court, Plaintiff was required, therefore, to file a charge of discrimination based on her national origin with the EEOC. (In order to state a claim under Title VII, an employee must first file an EEOC charge within 180 days of the last act of discrimination, setting forth the nature of the discrimination. 42 U.S.C. Sec.2000e-5(e)). Exhaustion of administrative remedies is essential because it provides the EEOC the first opportunity to investigate discriminatory practices and fulfill its roles of obtaining voluntary compliance and promoting conciliatory efforts. *Shannon v. Ford Motor Co.*, 72 F.3d. 678, 684 (8th Cir.1996); *Williams v. Little Rock Municipal Water Works*, 21 F.3d. 218, 222 (8th Cir.1994).

Under federal law, a plaintiff has exhausted his or her administrative remedies if "the allegations of the judicial complaint are like or reasonably related to the administrative charges that were timely brought." *Boge v. Ringland-Johnson-Crowley Co.*, 976 F.2d. 448, 451 (8th Cir.1992); *Anderson v. Block*, 807 F.2d. 145, 148 (8th Cir.1986). Claims may be considered "like or reasonably related" when they "could reasonably be expected to grow out of the charge of discrimination." *Cobb v. Stringer*, 850 F.2d. 356, 359 (8th Cir.1988). Although an EEOC charge is

to be liberally construed, "[a]llowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Municipal Water Works*, 21 F.3d. 218, 223 (8th Cir.1994); *Shannon*, 72 F.3d. at 678.

In Plaintiff's EEOC charge, the boxes for national origin was left blank. Plaintiff did not make a claim for discrimination based upon national origin. There is also nothing in the body of the EEOC charge suggesting that she is making a claim for discrimination based upon her national origin. The only boxes checked on the EEOC charge are race, retaliation and "other" with the notation that this reason is "confidential."

The filing of a charge of discrimination, however, is not a jurisdictional prerequisite. *Zipes v. TWA, Inc.,* 455 U.S. 385, 393. "In *Zipes*, the Supreme Court held that 'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Coons v. Mineta* 410 F.3d 1036, 1040 (8th Cir. 2005).

Plaintiff's claim of national origin discrimination clearly fails to state a claim

at this stage of the litigation. The Court is unable, however, to unequivocally find that Plaintiff's claims are barred, because Plaintiff may be able to allege valid grounds for the failure to bring the national origin charge. Leave to file an Amended Complaint will therefore be granted.

## **Conclusion**

Plaintiff fails to state a cause of action against Defendant based on the Equal Pay Act, retaliation and national origin discrimination. Because the timely filing of a Charge is not jurisdictional, rather it is more like a statute of limitations subject to equitable defenses, Plaintiff will be given leave to file an Amended Complaint setting forth those defenses, if any.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim under the Equal Pay Act is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's retaliation claim is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim of national origin discrimination is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff will be given 14 days from the date of this Order to file an Amended Complaint. Failure to file an Amended Complaint will result in dismissal of these claims with prejudice.

Dated this 3rd day of April, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE